UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT BRACALENTE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 22-cv-04417-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: ECF No. 102 |

This putative ERISA class action is brought by individual participants ("Plaintiffs") in Defendant Cisco Systems, Inc.'s 401(k) Plan (the "Plan") and alleges that Cisco breached its ERISA fiduciary duties by offering certain BlackRock LifePath Index Funds ("BlackRock TDFs"). On August 11, 2023, the Court granted Cisco's motion to dismiss the complaint with leave to amend, and on May 20, 2024, the Court dismissed the second amended complaint, again with leave to amend. ECF Nos. 74, 97 ("SAC Order"). Before the Court is Cisco's Motion to Dismiss the Third Amended Complaint ("TAC") under Rule 12(b)(6) ("Motion" or "Mot."), ECF No. 87.[1]

The Court found the matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the pleadings, the Court GRANTS Cisco's

---

[1] Also before the Court is Plaintiffs' Unopposed Administrative Motion for Leave to File a Statement of Recent Decisions (ECF No. 113), which the Court GRANTS.

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC

1

Motion and DISMISSES the TAC with prejudice.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the Court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

In assessing ERISA fiduciary-breach claims under Rule 12(b)(6), courts apply the *Iqbal* and *Twombly* pleadings standards by evaluating a complaint's allegations "as a whole" and "giv[ing] due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise." *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022). Courts must therefore exact a "careful, context-sensitive scrutiny of a complaint's allegations" in order to "divide the

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC

2

plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). "Because the content of the duty of prudence turns on the circumstances ... prevailing at the time the fiduciary acts, the appropriate inquiry will necessarily be context specific." *Id.* (cleaned up).

## II.   REQUEST FOR JUDICIAL NOTICE

As with prior motions to dismiss, Cisco requests that the Court take judicial notice of certain exhibits submitted in support of its motion to dismiss. *See* Cisco's Request for Judicial Notice, ECF Nos. 103 ("TRJN"), 110 ("FRJN"). Plaintiffs also seek judicial notice of one exhibit. *See* ECF No. 108.

Courts may take notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Additionally, incorporation by reference is appropriate where the "complaint necessarily relies upon a document or where the complaint alleges the contents of the document and the documents authenticity and relevance is not disputed." *In re Restoration Robotics, Inc. Sec. Litig.*, 417 F. Supp. 3d 1242, 1252 (N.D. Cal. 2019) (quotations omitted). The doctrine of incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Cisco's RJNs. The Court will take judicial notice of Exhibits 1–2 of Cisco's TRJN and Exhibits 1–4 of Cisco's FRJN, copies of various publicly available online articles and materials, because they are not subject to reasonable dispute. ECF Nos. 103-2 (Ex. 1, Morningstar Report), 103-3 (Ex. 2, 2022 Cisco Form 5500), 110-2 (Ex. 1, *Reinventing Target Date Investing*), 110-3 (Ex. 2, *Target Date Funds Get Active: A Look at the Innovation Behind BlackRock's LifePath Dynamic Strategy*); 110-4 (Ex. 3, U.S. Department of Labor's *Interpretive Bulletin Relating to the Fiduciary Standard Under ERISA in Considering Economically Targeted Investments*); 110-5 (Ex. 4, April 29, 2024 Prospectus for the BlackRock LifePath Index Retirement Fund).

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
3

Plaintiffs' RJN. Plaintiffs seek judicial notice of a Managed Investment Report prepared by Morningstar. ECF No. 108-1, Exhibit 1. Because the report is publicly available and not subject to reasonable dispute, the Court will take judicial notice of Exhibit 1.

Accordingly, the Court GRANTS both parties' requests and will take judicial notice of the above documents in resolving the present motion.

**III.  DISCUSSION**

Having stated the relevant facts in two prior orders, the Court will not repeat them again. *See* ECF Nos. 74, 97. The Court will recite or refer to the allegations where necessary to resolve the present motion.

The TAC, like the complaints before it, alleges that Cisco breached its fiduciary duty by failing to appropriately monitor the BlackRock TDFs. TAC ¶¶ 32–35. This failure purportedly caused Plan participants to lose tens of millions of dollars in potential capital appreciation. Previously, the Court dismissed Plaintiffs' breach of fiduciary duty claim as plead in the SAC. In that Order, the Court concluded that the SAC's allegations regarding the allegedly flawed process and the underperformance failed to sufficiently support a reasonable inference that Cisco acted imprudently. *See* Order 8–21. In particular, Plaintiffs alleged that the 401(k) Plan Administration Committee of Cisco's (the "Committee") process for monitoring the Plan's investment offerings was imprudent as demonstrated by the Committee's (1) improper reliance on custom benchmarks; (2) improper characterization of the BlackRock TDFs as "passive"; (3) failure to compare the BlackRock TDFs to an appropriate peer universe; and (4) failure to perform a prudent review of the BlackRock TDFs. The Court evaluated each theory and explained why Plaintiff had not plausibly established any imprudent process.

Plaintiffs continue to allege that the Committee's process for monitoring the Plan's investment offerings was imprudent. But Plaintiffs assert that they have addressed the Court's concerns in three ways: the TAC (1) identifies a new suite of TDFs it alleges is an appropriate comparator—the "Dynamic TDFs"; (2) explains why it was insufficient to solely assess the BlackRock TDFs by comparing them to their custom benchmark; and (3) alleges that the Plan's

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
4

investment policy statement ("IPS") was deficient for lacking any standard by which to evaluate the BlackRock TDFs relative to any alternative investment. Opp. 9.

Cisco argues that Plaintiffs' breach of fiduciary duty and failure to monitor fiduciaries and co-fiduciaries claims should again be dismissed under Rule 12(b)(6).

ERISA fiduciaries are charged with four primary duties: the duty of loyalty, 29 U.S.C. § 1104(a)(1)(A); the duty of prudence, § 1104(a)(1)(B); the duty of diversification, § 1104(a)(1)(C); and the duty to follow the plan's documents, § 1104(a)(1)(D). The duty of prudence—which is the primary duty Plaintiffs claim was breached here—obligates fiduciaries to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." § 1104(a)(1)(B). The Supreme Court has also held that the ERISA duty of prudence includes a "continuing duty of some kind to monitor investments and remove imprudent ones." *Tibble v. Edison Int'l*, 575 U.S. 523, 529 (2015). "Because the content of the duty of prudence turns on the circumstances prevailing at the time the fiduciary acts, the appropriate inquiry will necessarily be context specific." *Fifth Third Bancorp*, 573 U.S. at 425 (cleaned up).

Plaintiffs may state a breach of the duty of prudence either through direct allegations of the fiduciary's "knowledge, methods, or investigations at the relevant times" or "circumstantial factual allegations [from which the Court] may reasonably infer from what is alleged that the process was flawed." *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013) (emphasis added) (quotations omitted). "If the complaint relies on circumstantial factual allegations to show a breach of fiduciary duties under ERISA, those allegations must give rise to a 'reasonable inference' that the defendant committed the alleged misconduct," *i.e.*, the facts alleged must be "suggestive of, rather than merely consistent with, a finding of misconduct." *Id.* at 718–19 (internal brackets omitted).

### A.  The Dynamic TDFs

The TAC alleges that the Committee acted imprudently by failing to consider a different, superior suite of funds offered by BlackRock—the Dynamic TDFs. TAC ¶ 50. "To show that 'a

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
5

prudent fiduciary in like circumstances' would have selected a different fund based on the cost or performance of the selected fund, a plaintiff must provide a sound basis for comparison—a meaningful benchmark." *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018); *see also Anderson v. Intel Corp.*, No. 19-cv-04618, 2021 WL 229235, at *8 (N.D. Cal. Jan. 21, 2021) ("[S]imply labeling funds as 'comparable' or 'a peer' is insufficient to establish that those funds are meaningful benchmarks against which to compare [] performance of the [challenged fund]"); *Hall v. Cap. One Fin. Corp.*, No. 12-CV-00857-MSN-JFA, 2023 WL 2333304, at *6 (E.D. Va. Mar. 1, 2023), *appeal dismissed*, No. 23-1357, 2023 WL 6388629 (4th Cir. May 12, 2023) ("Because TDFs encompass a range of investment goals, risk profiles, and underlying funds, Plaintiffs must advance comparators that have similar investment strategies to the challenged fund").

The Court begins by evaluating whether the Dynamic TDFs are an appropriate comparator for the BlackRock TDFs such that a prudent fiduciary under similar circumstances as the Committee would have selected, or considered switching to, the former over the latter. Plaintiffs allege that in December 2016 (six months after the start date of the Class Period), BlackRock introduced the Dynamic TDFs, which have "the same glide path and strategic asset allocation as the BlackRock TDFs" but with "an additional layer of active management to create vastly better retirement outcomes while adding no or little additional risk over time." *Id.* Plaintiffs allege the Dynamic TDFs were "expected to outperform the BlackRock TDFs by 50 to 100 basis points annually with no additional risk." *Id.* ¶ 51. By failing to investigate or consider replacing the BlackRock TDFs with the Dynamic TDFs, despite BlackRock's several press releases promoting the product, the TAC alleges that the Committee acted imprudently. *Id.* ¶ 52.

Even if the Dynamic TDFs share "the same investment manager, glidepath, and strategic asset allocation" as the TAC alleges, the Court cannot reasonably infer that the Dynamic TDFs could serve as a suitable comparator for the BlackRock TDFs for several reasons. *First*, the Dynamic TDFs were released in December 2016, and Plaintiffs rely on promotional materials published in November and December 2021 touting the "expected" outperformance of the

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
6

Dynamic TDFs. TAC ¶ 50. It is not plausible that prudent fiduciaries subject to the Plan's IPS would have considered the Dynamic TDFs, announced in 2016, over the BlackRock TDFs before there was any performance history.

Indeed, while "hypothetical performance data is expressly permitted by the SEC and widely used in the industry," *Lauderdale v. NFP Ret., Inc.*, No. 21-cv-301 JVS (KESx), 2022 WL 422831, at *9 (C.D. Cal. Feb. 8, 2022), the TAC states that past performance "is a *necessary factor* in any assessment of an investment's likelihood of future out- or underperformance." TAC ¶ 47 (emphasis added) (three- and five-year performance periods a "key monitoring metric[]" identified by the IPS). So Plaintiffs' contention that a prudent fiduciary would have considered the Dynamic TDFs despite zero performance data is undermined by other allegations regarding how the Committee should have assessed investments. Moreover, courts have found that a fiduciary's decision to invest in funds lacking performance history is an accepted basis to plead breach of fiduciary duty. *See Lauderdale*, 2022 WL 422831, at *8 (claim for breach of fiduciary duty plausible where complaint included allegations that fiduciary invested in fund with "limited performance history"); *see also Turner v. Schneider Elec. Holdings, Inc.*, 530 F. Supp. 3d 127, 134 (D. Mass. 2021) (declining to dismiss breach of the duty of prudence claim where plaintiff alleged "a prudent fiduciary would not have selected investment options that completely lack performance histories"). In other words, investing in a fund with limited to no performance history can be suggestive of misconduct. Here, Plaintiffs allege the Committee *should have* invested in a fund with no performance history based solely on its "expectation" to outperform. But without factual allegations as to why a prudent fiduciary in the Committee's position would have done so based solely on promotional materials, the Court cannot reasonably infer that the Committee acted imprudently. *See Anderson*, 579 F. Supp. 3d at 1154 ("ERISA fiduciaries are not required to adopt a riskier strategy simply because that strategy may increase returns.").

*Second*, Plaintiffs have not plausibly alleged that the Committee should have known about the availability of the Dynamic TDFs during the relevant timeframe. The TAC alleges that BlackRock made available the Dynamic TDFs in December 2016 (six months into the Class

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
7

Period), and they were "at all times available to be added to the Plan." TAC ¶¶ 50, 52. Plaintiffs further allege that the Committee would have been aware of the Dynamic TDFs based on BlackRock's promotion of the funds and because BlackRock "would certainly have included notifying incumbent institutional investors" of the new product. *Id.* ¶ 52. The only support for this, though, are two promotional materials dated years *after* the release of the Dynamic TDFs. *See id.* ¶ 50, n. 17 (interview dated November 21, 2021); ¶ 51, n.18 (article dated November 22, 2021). Given this timing, Plaintiffs have not explained how the BlackRock TDF's underperformance vis-à-vis the Dynamic TDFs was "knowable to the Committee in real time." Opp. 15. Again, the TAC only refers to "BlackRock's promotion" of the Dynamic TDFs years after it was released. TAC ¶ 52. Thus, at most, the TAC plausibly alleges that the Committee should have been aware of the Dynamic TDFs in late 2021—about five years after the start of the Class Period. This however amounts to a claim based impermissibly on hindsight. *See* TAC ¶ 50, n.18 (citing article from November 2021); *see also Patterson v. Morgan Stanley*, No. 16-CV-6568-RJS, 2019 WL 4934834, at *11 (S.D.N.Y. Oct. 7, 2019) (allegations "impermissibly hindsight-based" where plaintiff relied on "[d]ata compiled in 2016," which "would not have been known to the fiduciaries earlier in the class period").

*Third*, Cisco points out that the Plan's 2022 annual report reflects the Plan's approximately $4 billion investment in the BlackRock TDFs (ECF No. 103-3 at 369–70) while the Dynamic TDFs had approximately $2 billion in total assets under management (AUM). ECF No. 37-3 at 12. This difference further tends to show that the Dynamic TDFs would not be a viable investment alternative for the Plan. Indeed, the TAC explains that "it would not be relevant to compare the BlackRock TDFs to TDF series with significantly smaller levels of AUM because the Plan could not responsibly invest in them (since its assets would account for too much of the AUM under normal and accepted investment principles)." TAC ¶ 57. Plaintiffs do not address this size difference or otherwise allege why it would be relevant, in this instance, to compare the BlackRock TDFs to the Dynamic TDFs despite the significant smaller levels of AUM. *See Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-CV-966 (SRU), 2024 WL 3292543, at *9 (D. Conn.

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
8

July 3, 2024) (finding Sharpe Ratio and the S&P Target Date Indices appropriate comparators but explaining that "[i]f the plaintiffs were to present any other, smaller TDFs as comparators, those TDFs would be inapt comparators because they would not be possible investment alternatives for the Plan"). [2]

Despite these differences, Plaintiffs argue that the allegations comparing the two funds are "directly analogous" to those the Court found sufficient in *In re LinkedIn* to support an inference of imprudence. Opp. 16 (citing *In re LinkedIn ERISA Litig.*, No. 5:20-CV-05704-EJD, 2021 WL 5331448, at *8 (N.D. Cal. Nov. 16, 2021)). The Court disagrees. In *LinkedIn*, the Court concluded that the allegations before it were sufficient to create an inference that one suite of funds could serve as a suitable comparator to the challenged fund. In reaching that conclusion, the Court recognized that plaintiffs had alleged that the two suites "share[d] the same management firm and nearly identical glide paths" and "both families [were] inherently actively managed." *Id.* As to other purportedly comparable funds in the operative complaint, the Court found that plaintiff had not "plead any facts demonstrating that those benchmarks are appropriately comparable." *Id.* at *11. Although the Court found sufficient allegations comparing two suites that shared the same management firm and nearly identify glide paths in *LinkedIn*, that was not a blanket finding that all suites sharing the same management firm and glide paths will be comparable without evaluating the broader circumstances surrounding those suites. The factual context surrounding the funds will necessarily inform that analysis—particularly here, where other allegations in the complaint demonstrate the two plans are not comparable or compatible. *See Dudenhoeffer*, 573 U.S. at 425 ("the appropriate inquiry" concerning the duty of prudence "will necessarily be context specific."); *see also Hughes v. Nw. Univ.*, 595 U.S. 170, 173 (2022) (whether plaintiffs state plausible claims against plan fiduciaries for violations of duty of prudence requires a "context-specific inquiry").

---

[2] The Court observes that, in *Kistler*, counsel for the Plaintiffs agreed with the principle that "any other TDFs would be inapt comparators because those funds would have much smaller assets under management and would accordingly never be a viable investment alternative for the Plan." *See Kistler*, 2024 WL 3292543, at *2.

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
9

Additionally, although questions regarding a comparator's appropriateness can be reserved for later stages, courts routinely address the issue at the motion to dismiss stage. *See, e.g.*, *Tobias v. NVIDIA Corp.*, No. 20-CV-06081-LHK, 2021 WL 4148706, at *14 (N.D. Cal. Sept. 13, 2021) (dismissing claim for breach of duty of prudence and concluding allegations failed to identify meaningful benchmark); *Anderson*, 2021 WL 229235, at *8–9; *Davis v. Salesforce.com, Inc.*, No. 20-CV-01753-MMC, 2020 WL 5893405, at *4 (N.D. Cal. Oct. 5, 2020) (granting motion to dismiss in part because of failure to plead a meaningful benchmark).

In sum, based on the above, Plaintiffs have not sufficiently alleged that the Dynamic TDFs funds are meaningful benchmarks against which to compare that fund's performance with the BlackRock TDFs.

### B. Remaining Renewed Arguments

Plaintiffs' remaining arguments were raised and rejected in this Court's order dismissing the SAC: that a custom benchmark was inappropriate, and the Committee should have compared the BlackRock TDFs to the S&P Indices (*see* SAC Order 9–12)[3]; the BlackRock TDFs were wrongly categorized as "passive" instead of "active" (*id.* at 12–13); the Committee failed to compare the performance of the BlackRock TDFs to other comparable investment suites (*id.* at 14–15)[4]; and the meeting minutes reflect no rationale associated with investment decisions (*id.* at

---

[3] Plaintiffs refer the Court to a new chart in the TAC "detailing the composition of the custom benchmark compared to the BlackRock TDFs." Opp. 10 (citing TAC ¶ 42). But the chart is provided only to illustrate Plaintiffs' argument that "[b]y comparing the returns of the BlackRock TDFs to only those of the custom benchmark that they would automatically meet, the Committee's actions were completely untethered to the applicable standard of care." TAC ¶ 43. Even with the addition of the chart, the Court's prior analysis and ruling as to the custom benchmark applies: the IPS requires the Committee to measure the BlackRock TDFs against "custom indices" and not the S&P Indices. And, as Plaintiffs acknowledge, the Committee complied with the IPS. TAC ¶ 41; *see also* SAC Order 9–12 (discussion regarding custom benchmarks); *see also* Opp. 6, n.5 ("When plan fiduciaries adopt an IPS, the IPS becomes a binding plan document.").

[4] Cisco argues that "the *Court has already determined* that Cisco did follow its IPS in measuring the BlackRock TDFs against custom indices rather than the S&P Indices and the TAC adds nothing to warrant revisiting that decision." Reply 10 (emphasis added). Although the Court agrees that Plaintiffs' TAC does not warrant revisiting the Court's prior decision regarding the custom benchmarks, Cisco is wrong regarding what the Court "determined" in the prior order. The prior order found that "Plaintiffs' allegations that the Committee followed its IPS in relying exclusively on the custom benchmark do not plausibly establish an imprudent process." SAC Order 12. It did not, as Cisco suggests, "determine that Cisco [] followed its IPS."

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
10

17–18). Plaintiffs have not cured the deficiencies identified in the prior order. Rather, Plaintiffs repeat the same arguments (in some cases referring to the same authority the Court considered), relies on the same or slightly revised allegations, and expects a different result. Nothing in the amended allegations warrant a reconsideration of the Court's ruling on these issues.

### C. Plaintiffs' Derivative Claim

In addition to their primary claim for fiduciary breach based on a failure to monitor the BlackRock TDFs, Plaintiffs also brought a claim for failure to monitor fiduciaries and co-fiduciary breach (Count II). TAC ¶¶ 107–16. Because the Court finds that TAC has failed to state a claim for fiduciary breach, Plaintiffs' derivative claim likewise fails to state a claim. Cisco could not have "knowingly participated in breaches of fiduciary duty by permitting the Plan to offer a menu of imprudent investment options" where the BlackRock TDFs have not been alleged to be imprudent. *Accord Beldock v. Microsoft Corp.*, 2023 WL 3058016, at *4 (W.D. Wash. Apr. 24, 2023) (dismissing secondary claims for "failure to monitor, co-fiduciary breaches, and knowing breaches of trust" where plaintiffs' arguments for survival "assumes that they have sufficiently pleaded their claim for breach of the fiduciary duty of prudence"); *Hall*, 2023 WL 2333304, at *8 (same).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Cisco's Motion to Dismiss.

The "decision of whether to grant leave to amend … remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger Inc. v. BMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiffs had two chances to amend their pleadings, and Plaintiffs have failed to plausibly state a claim. Accordingly, Plaintiffs' claims are dismissed with prejudice. *See Anderson*, 579 F. Supp.

3d at 1155 (dismissing with prejudice claims for breach of duty of prudence after two failed attempts to state a claim).

**IT IS SO ORDERED.**

Dated: March 11, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-04417-EJD
ORDER GRANTING MOTION TO DISMISS TAC
12